Hornblower/C. J.
Among many errors assigned by the plaintiff, one is, that no indictment lies in this state, for a forcible entry &c.
First, It is said, that such an indictment did not lie at the common law; and Secondly, If it did, it has been virtually taken away, or superseded by the statute entitled, “An act concerning forcible entries and detainers,” passed the 2d March, 1798, Rev. L. 349; Elm. Dig. 208, and in support of this latter position, what was said by Ewing, Ch. J. and Drake., Justice, in Butts v. Voorhees, 1 Green R. 13, is referred to.
If it is true, as insisted by the plaintiff’s counsel that an indictment did not lie at the common law; but was originally given by statute of 5 Ric. 2 Cap. 8, and afterwards by 15 Ric. 2 Cap. 2; then it does not lie in this state. Those statutes were never reenacted here; and with all other British statutes, ever having ány force in this state, they have long since, been repealed, or *207 declared inoperative, by our legislature. But it is taking bold ground, at this day, to say that such an indictment did not lie at the common law. Ever since the case of Rex v. Bathurst, Sayer’s R. 225, which was in 1755, that question has been at rest. In Rex v. Baker et al. 3 Burr. 1731, and in The King v. Wilson et al. 8 T. R. 357, the only point seriously debated, was whether the indictments charged such facts, as amounted to a breach of the peace; and in all those cases, it was held that an indictment charging the defendant, with having unlawfully and with a strong hand, entered &c. was good at the common law. In Rex v. Bathurst, the first count, was laid, manu forti, and contra, formara statuti: and the only doubt was, whether, as the indictment was bad, under the statute, not showing what estate the prosecutor had in the messuage, it could be sustained as an indictment at the common law, notwithstanding it concluded as against the statute. In the second count, the words manu forti, were omitted, and the defendant was only charged with unlawfully and vi et armis, entering &c.: and yet all the court held this count to be good. It is true, some importance was given to the circumstance, that the entry was into a dwelling house : but Ch. Justice Ryder, lays down the law generally, in the first place, and without reference to that circumstance, he says, “it is not necessary, that these words,” (manu forti,) “ should be contained, in an indictment at the common law, for a forcible entryand he adds, that the words “ force and arms,” in such an indictment, do always mean, actual force, and upon the plea of not guilty, actual force, must be proved, or the defendant cannot be convicted; since an entry, without actual force, would not be, a forcible entry, but a mere trespass.
But be that as it may; the indictment before us charges the defendant, with entering, with strong hand; and I have no doubt, it is a good indictment, at common law.
Secondly, Has our statute concerning forcible entries and detainers, abolished or repealed the common law, upon this subject?
In Butts v. Voorhees, 1 Green R. 20, Ewing, Ch. Just, says, “ the change in the mode of prosecution, from an indictment to a civil action, made by out statute, was not designed to effect any alteration, in the nature or component parts of the offence itself *208 and Drake, Justice, in the same case (p. 21) says., “ the legislature does not appear to have intended to alter the nature of the offence, but to provide for it another mode of trial, and punishment.”
The question, whether the common law on this subject had been repealed, was certainly not before the court: and therefore, we must not consider the incidental remarks of the judges, as amounting to a judicial decision, that an indictment will not lie in this state, for a forcible entry. It looks indeed, as if the Ch. Justice and Justice Drake thought that our statute had virtually taken away the prosecution by indictment altogether; but the Chief Justice may have meant no more than that our statute, had changed the rule, by which the injured party was to be restored to his possession : because in England, restitution could only be awarded upon an inquest found; or upon a conviction under the statute. And it is probable that Justice Drake intended nothing more; though by the use of the word “ punishment,” it looks as if he supposed the proceeding by indictment was entirely abolished. But such was not the design, nor the effect of the act concerning forcible entries and detainers. Before the passage of that act, the private remedy, had been only by inquisition or indictment, under the several British statutes in relation to this matter. 3 Bac. Abr. Gwyl. ed. Tit. Forcible Entry and Detainer; 2 Burns’ Just, same title; Covenhoven v. The State, Coxe R. 258; The State v. Futnam, Id. 260; State v. Stokes, Id. 392. The act of 1798, Rev. L. 349; Elm. Dig. 208, superseded those statute provisions; but no more repealed the common law proceeding by indictment, for the breach of the peace in this state, than did the statutes of 15 Rich. 2 c. 2: 8 Hen. 6 c. 9; and 31 Eliz. c. 11. in England. For, we have seen, that after those statutes, foreible entries and detainers, continued to be indicfable offences at the common law; 2 Burns’s Just. 210; 3 Burr. B. 1698; Id. 1731.
Again : It is assigned for error, that the indictment is eontra formam statuti; whereas, there is no such statute offence in this state.
This objection was not much insisted on, and cannot prevail. If an indictment be upon a statute, and0 the matter charged does not amount to an offence against the statute, it has been doubted *209 whether a defendant can be convicted upon it, as at the common law. Rex v. Bathurst, Say. R. 225. But where there is no statute, and the offence charged is indictable at the common law the words, contra, formara statuti, will be rejected as surplusage. Rex v. Matthews, 5 Ter. R. 162; Rex v. Bathurst, Say. R. 225; 10 Petersd. Abr. (in margin) 487. These objections therefore, must be overruled. But notwithstanding this, the judgment must be reversed for errors apparent on the record. Several have been assigned, that in my opinion are fatal. It is not necessary to specify all of them. It is sufficient to say, the caption is defective, as well as the subsequent history of the cause. It says, “ the foregoing bills of indictments are true bills;” and yet it does not appear on the record, that the bill set out was one of “ the foregoing bills.” Again : the record does not show, that the indictment was “ ordered ” by the court of Oyer and Terminer in which it was pending, to be “delivered” to the Quarter Sessions : nor that it was “ filed and entered ” in that court, as the statute directs ; nor that there was any court of Quarter Sessions then and there held; or if there was any such court in session when the indictment was tried, by whom it was held, nor by how many Justices.
It is true, all the justices need not be described by name; nor their appointment shown, but as many must be named as the law requires to constitute the court, and if more are present, it is sufficient to say, “ and others their fellows &c.” Cro. Eliz. 738; 4 Burr. 2084-5; 10 Petersd. Abr. 452, marginal page. Again, the record in several parts of it, is in the past tense, which is wrong. Andr. 162, 163; Hawk. b. 2 c. 25 sec. 127; Burns’ Just. Tit. Indictment.
These it is true, are mere mistakes in form; they are clerical errors only ; but I have searched in vain, for any authority in this court to amend, or order amendment below, after a writ of error in a criminal ease. I cannot find a single case in which it has been done. The cases of Rex v. Dailey, 4 East. 174; and that of The King v. Atkinson, referred to in a note to that ease, were upon removals of the indictments by Certiorari before judgment, and not in error. The judgment must therefore be reversed.
*210 White and Nevius, Justices, concurred in reversing the judgment.
Ford, Justice, absent.

Judgment reversed.

Cited in State v. Dayton, 3 Zab. 61.